### DEITCH v. DEITCH.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

LIMITATION OF ACTIONS (§ 100*)—ANNULMENT—LIMITATIONS.

 Under Code Civ. Proc. § 1743, subd. 4, authorizing an action to annul a marriage on the ground that the consent of one of the parties was obtained by fraud, and subdivision 5, authorizing such action for physical incapacity to enter into the marriage state, and section 1752, providing that an action on the ground of incapacity may be brought by the injured party or by the incapacitated party if he did not know of the incapacity, or that it was incurable prior to the marriage, and that an action on such ground must be commenced within five years after the marriage, in an action on the ground of incapacity, there can be no occasion to invoke subdivision 4, and plaintiff cannot, by alleging fraudulent representations by defendant as to his capacity, bring the case within section 382, subd. 5, authorizing actions, other than for damages, on the ground of fraud, to be brought within six years after the discovery of the fraud.

 [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

Appeal from Special Term, Kings County.

Action by Ida Deitch against Philip Deitch. From an interlocutory judgment overruling plaintiff's demurrer to an affirmative defense, she appeals. Affirmed.

See, also, 146 N. Y. Supp. 782.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Abraham P. Wilkes, of New York City, for appellant.
Simon Berg, of Brooklyn, for respondent.

PER CURIAM. The demurrer to the allegation in the answer that the action is barred by the statute of limitations (Code of Civil Procedure, § 1752) has been overruled. Hence the appeal. The demurrer is to such plea only as it affects the second cause of action, which is that

the defendant induced the plaintiff to enter into "said marriage" in 1903 by false and fraudulent representations, upon which she relied, that he was normal and physically capable of entering into and consummating the marriage, whereas he was impotent because he had "simply rudimentary signs" of the "genital organ" and that she did not discover the falsity of the representations until the year 1912. So the discovery of the fraud was some 10 years after the marriage, while the statute allows but 5 years to discover the incapacity and to act upon it. The plaintiff urges that she may bring the action within 6 years of the discovery of the facts constituting the fraud, by virtue of section 382, subd. 5, Code of Civil Procedure. Montgomery v. Montgomery, 3 Barb. Ch. 132. The facts constituting the fraud are the representations and their falsity. The fact showing falsity is the existence of the rudimentary genital organ causing impotence. The plaintiff pleads that she did not discover the falsity of the representation until 1912, that is, that not until then did she know of the rudimentary status and the impotence of it. There are, maybe, hypotheses of facts excusing knowledge that must prevail in case of demurrer, although they touch the very limits of credulity. Kaiser v. Kaiser, 16 Hun, 602. But decision does not depend upon that consideration. The learned trial justice has decided in effect that, where the physical incapacity is the basis of annulment, the five-year period applies, whether the marriage was or was not induced by fraudulent representation, and irrespective of the time when the plaintiff discovered it. The Code of Civil Procedure, § 1743, enables the action to be brought under conditions defined in five several subdivisions. The fourth is that the "consent of one of the parties was obtained by force, duress or fraud." The fifth is "that one of the parties was physically incapable of entering into the marriage state." In that case, the action can be maintained "under this subdivision" only where the incapacity continues and is incurable. Then, after sections severally related to the subdivisions of section 1743, it is provided by section 1752 that an action to annul a marriage on the ground that one of the parties was physically incapable of entering into the marriage state "must be commenced before five years have expired since the marriage." So the question is, if a party fraudulently represent that he has a genital organ, and in fact has none, save in a mere rudimentary form, can an action for fraud be brought under subdivision 4 of section 1742 within six years of the discovery of the fraud, as section 382 of the Code provides, or must the action rest entirely on the physical incapacity and be brought under subdivision 5 of section 1743 within five years, as provided by section 1752? Subdivision 5 states that an action can be maintained "under this subdivision" only when it continues and is incurable. There is here, perhaps, a suggestion that the action may be brought under subdivision 4. But section 1752 gives the action even to the incapable party, if he "was unaware of the incapacity at the time of marriage, or, if aware of such incapacity, did not know it was incurable." If he did know and did not state, he was guilty of a fraud. Svenson v. Svenson, 178 N. Y. 54, 70 N. E. 120; Wendel v. Wendel, 22 Misc. Rep. 152, 155, 49 N. Y. Supp. 375. The action is given to the other party

(whether he knew or did not know) against a party disabled, whether he did or did not know it; that is, whether he was or was not guilty of a fraud. So, upon all states of fact concerning incurable physical incapacity, the action may be brought under subdivision 5. There is, and, as I conceive, can be no occasion to invoke subdivision 4. The fact of fraud is not potential. An allegation of physical incapacity with other formal statements perfects the pleading; sufficient evidence of the same makes the proof. Statements of fraud are mere surplusage. The plaintiff is required within five years to discover one thing only, the incurable incapacity, and act upon it. Facts probative of fraud are not even incidents. They are utterly dissociated from the only cause of action necessary. Why, then, if a cause of action preserving every possible right is given under subdivision 5, should the plaintiff be permitted to superimpose irrelevant allegations and proof of fraud for the benefit of a statute of limitations that pertains only to such extraneous and unrelated matter? In other words, the limitation applies only to an issue of fraud which is entirely foreign to the remedy provided, a remedy that compasses all necessary facts.

The judgment should be affirmed, without costs.